WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00076-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| David Casimiro Bravo-Cuevas, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss the indictment based on the government's delay in transporting him to a suitable hospital facility to begin a court-ordered mental health evaluation. (Doc. 23.) For the following reasons, the motion is denied without prejudice.

## BACKGROUND

Defendant was arrested on December 31, 2021 and charged via complaint with the crime of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. (Docs. 1, 2.) Defendant was later ordered detained and indicted. (Docs. 3, 13.)

On April 12, 2022, Defendant's counsel filed a motion for a mental health evaluation. (Doc. 20.) The motion explained that Defendant "has a history of diagnosis as mentally ill . . . [and] is again demonstrating delusional and obsessive thoughts. In his current state he is unable to assist his attorney in the preparation of his defense. At this time, it is likely that he is incompetent, but possibly restorable. A full four-month evaluation is therefore warranted." (*Id.* at 1.)

On April 13, 2022, the Court issued an order granting Defendant's motion. (Doc. 21.) The motion stated that, pursuant to 18 U.S.C. § 4241(d)(1), Defendant was "committed to the custody of the United States Attorney General for hospitalization and treatment in a suitable facility for a reasonable period not to exceed four (4) months as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed." (*Id.* at 1-2.)

On June 23, 2022, the Court issued an order informing the parties that "[t]he United States Marshal Service has notified the Court that the Defendant has not yet been transported for treatment due to bedspace unavailability. The Court advises counsel that it does not have a date certain for his transport." (Doc. 22.)

On June 27, 2022, Defendant filed the pending motion to dismiss. (Doc. 23.)

On July 12, 2022, the government filed a response. (Doc. 27.)

On July 25, 2022, the Ninth Circuit decided *United States v. Donnelly*, __ F.4th __, 2022 WL 2901249 (9th Cir. 2022). That same day, the Court solicited supplemental briefing from the parties regarding *Donnelly*. (Doc. 28.)

On July 29, 2022, Defendant filed his supplemental brief. (Doc. 29.)

On August 1, 2022, the government filed its supplemental brief. (Doc. 30.)

## DISCUSSION

I. The Parties' Arguments

Defendant moves to dismiss the indictment. (Doc. 23.) Defendant contends that, "[t]hough the government is not acting with any malicious intent or intentionally attempting to delay the case, the practical result of the failure to evaluate and the ongoing inability to evaluate the defendant would leave this defendant to wait indefinitely for his trial or other resolution of his case in violation of his rights under the Fifth, Eighth and Fourteenth Amendments." (*Id.* at 2.) Defendant also relies on Rule 48(b) of the Federal Rules of Criminal Procedure. (*Id.*)

Initially, the government opposed Defendant's motion on the ground that the transportation delay, although "not ideal," reflected "the unfortunate reality of limited

government resources during a global pandemic" and was "the result of factors outside of the government's control, namely the myriad of custodial complications brought about by the Covid-19 pandemic and a sharp increase in the demand for bed space at the federal facilities that provide mental health evaluations. These factors are not specific to the defendant but are affecting all similarly situated defendants around the country." (Doc. 27 at 4-5.) The government also argued that, because Defendant "served sentences of 41 months and 77 months for his last two illegal re-entry convictions," "it is the government's position . . . that should the defendant be found competent, he would more than likely receive a sentence over 24 months. Given the defendant's sentencing exposure, the 89 days he has spent awaiting transportation—although substantial—is not sufficiently substantial to justify dismissal under Rule 48(b)." (*Id.* at 4.)

Defendant did not file a reply, but shortly after the deadline to do so expired, the Ninth Circuit decided *Donnelly*. There, a defendant was ordered to undergo a psychological examination in November 2021 but was not immediately transported due to "a significant backlog in placing defendants in suitable facilities for treatment." 2022 WL 2901249 at *1. In March 2022, about five months after the evaluation order was issued, the defendant filed a motion to dismiss the indictment based on unreasonable delay. *Id.* After the district court denied the motion, the defendant filed an interlocutory appeal. *Id.* at *2. The Ninth Circuit affirmed the denial of the motion to dismiss but also provided new guidance concerning how district courts should address transportation delays related to mental health evaluations. The court stated that although Congress did not, in 18 U.S.C. § 4241 or elsewhere, "provide a specific time limit for a pre-hospitalization commitment period," this "pre-hospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility, [cannot] last longer than the maximum time [of four months] Congress permitted for the period of hospitalization itself." *Id.* at *3. Thus, although the court "ma[d]e no ruling as to the maximum allowable length of a pre-hospitalization commitment period," it held that "the government's delay cannot exceed four months." *Id.* at *4. Applying these

principles, the court held that although the defendant's delay in transportation—which, by the time of the appellate decision, had increased to eight months—"plainly exceeds whatever period the statute conceivably allows," the proper remedy was not to order dismissal. *Id.* Instead, the court "remand[ed] to the district court with instructions to order the Attorney General to hospitalize Donnelly within seven days" and cautioned that "should the Attorney General fail to comply with the district court's order on remand, that court may consider whether such a failure—layered on top of the existing statutory violation—leaves available 'no lesser remedial action' than dismissal." *Id.* (citation omitted).

In his supplemental brief, Defendant argues that "[g]iven that the four month hospitalization period under 18 U.S.C. § 4241(d) is about to be exceeded by the pre-hospitalization period, the fact that there are no beds in the sites used by the Attorney General for these evaluations, and the fact that *Donnelly* does not 'foreclose the possibility that dismissal may become appropriate at a future date, either in this case or others like it,' which certainly includes Mr. Bravo-Cuevas, the options appear to be to order immediate transportation within 10 days or dismissal. . . . [A]s there is no likelihood that the Attorney General can comply with the *Donnelly* requirements, it is requested that the court dismiss the current charges against the defendant." (Doc. 29 at 1-2.)

In its supplemental brief, the government states that Defendant is now "scheduled to be transported for treatment the week of August 22, [2022]," which is "no later than 13 days after the four-month period expires," and that *Donnelly* does not require dismissal under these circumstances. (Doc. 30.)

II. Analysis

Defendant's motion to dismiss is denied without prejudice. Under *Donnelly*, "the government's delay cannot exceed four months" with respect to pre-hospitalization transportation delays. 2022 WL 2901249 at *4. But here, the transportation delay had not exceeded four months at the time Defendant filed his motion and still has not exceeded four months. The relevant date is August 13, 2022, which is four months after the issuance

1  of the April 13, 2022 commitment order. (Doc. 21.) Given this backdrop, the sole remedy
2  requested in Defendant's motion and supplemental brief—an order of dismissal—is not
3  warranted. *Cf. Donnelly*, 2022 WL 2901249 at *4 n.3 ("We agree with the district court's
4  determination that, even if Donnelly had established a violation of his rights under the Due
5  Process Clause (a matter we need not resolve), dismissal of the indictment would not be
6  warranted. Donnelly has not shown the kind of 'grossly shocking and outrageous'
7  government misconduct necessary to justify dismissal of the charges against him. Indeed,
8  the Court in *Jackson* [*v. Indiana*, 406 U.S. 715 (1972)] did not order dismissal,
9  notwithstanding that the defendant had been committed for more than three years.")
10 (citations omitted).

11 Finally, in part because Defendant did not request any alternative remedies apart
12 from dismissal, the Court declines to issue any injunctive relief at this time. Although
13 *Donnelly* recognizes that "the district court possesses supervisory authority to order the
14 government to rectify violations of law with remedies shaped to redress the corresponding
15 injury" even in the absence of a request for injunctive relief, *id.* at *4, here it is unclear
16 whether there are any existing "violations of law" to rectify—the four-month mark of
17 August 13, 2022 is still over a week away and *Donnelly* does not hold that a delay of less
18 than four months amounts to a statutory or constitutional violation. There are many reasons
19 why courts should hesitate before issuing *sua sponte* injunctions to prevent hypothetical
20 violations of the law that may or may not occur in the future.

21 With that said, the Court encourages the government to carefully consider whether
22 it makes sense to delay transporting Defendant until the week of August 22, 2022, which
23 appears to be the government's current post-*Donnelly* plan. Should the government fail to
24 transport Defendant by August 13, 2022, Defendant may file a renewed motion for relief.
25 Nothing in this order should be viewed as prejudging the merits of such a motion.

26 …
27 …
28 …

- 5 -

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 23) is **denied without prejudice**.

Dated this 2nd day of August, 2022.

Dominic W. Lanza
United States District Judge